NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted November 7, 2012[*]
Decided November 8, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 12-1569

| | |
|---|---|
| SAMUEL SLEDGE,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 C 4186 |
| BELLWOOD SCHOOL DISTRICT 88,<br>    *Defendant-Appellee.* | Robert M. Dow, Jr.,<br>*Judge.* |

**O R D E R**

Samuel Sledge appeals the grant of summary judgment against him on his claims under Title VII of the Civil Rights Act of 1964 claims as well as the dismissal of his other employment-discrimination claims on res judicata grounds. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Because Sledge failed to controvert the defendant's version of the material facts under Local Rule 56.1(b), the following facts are taken from the defendant's Local Rule 56.1(a)(1)(3) submission. *See* L.R. 56.1(b)(3)(C). Sledge, then a bus driver for Bellwood School District 88, applied to be Bellwood's evening building-and-grounds coordinator. Bellwood interviewed several applicants including Sledge—who had no custodial or building-maintenance experience—but eventually hired another African-American man who had extensive custodial and building-maintenance experience.

After learning that he had been passed over, Sledge sued Bellwood in Illinois state court, alleging that it violated his collective-bargaining rights by hiring a purportedly nonunion-employee for the position. Sledge voluntarily dismissed that complaint several months later.

While that action was proceeding, Sledge sued Bellwood again in state court, repeating his claim about not being hired and bringing a new claim of retaliatory discharge. Sledge had recently been fired by Bellwood after leaving a sleeping student on the school bus one evening, though he maintained that he was fired in retaliation for filing his earlier state-court complaint. The state court dismissed this second action with prejudice.

Sledge then brought this lawsuit in federal court alleging race discrimination, breach of contract, falsification of documents, violations of his First and Fourteenth Amendment rights, interference with business relations, retaliatory firing, and a violation of his collective-bargaining agreement. The district court granted Bellwood's motion to dismiss all but Sledge's Title VII claims on grounds of res judicata (the Title VII claims could not have been raised in the state-court proceedings because Sledge had not yet obtained his right-to-sue letter from the Equal Employment Opportunity Commission). The record left "no doubt," observed the court, that Sledge was re-litigating the same case about his not being hired for the buildings-and-grounds job and his subsequent discharge.

Discovery ensued, and the court eventually granted summary judgment to Bellwood on Sledge's Title VII claims. The court concluded that Sledge not only provided no direct evidence of race discrimination, but also failed to prove a prima facie case of discrimination under the indirect method because he did not show that he was qualified for the position or that a similarly situated non-class member was treated more favorably than he. Finally, the court found that Sledge could not establish a retaliation claim because he could not show that his initial state-court complaint (which allegedly triggered the retaliation) was based on any prohibited activity covered by Title VII (the complaint had alleged only the denial of Sledge's union rights).

On appeal Sledge first challenges the dismissal of his non-Title VII claims, arguing that the district court wrongly dismissed his claims on res judicata grounds before Bellwood even answered his complaint. "It is true that res judicata is not one of the affirmative defenses that Rule 12(b) permits to be made by motion rather than in the answer to the complaint. But when an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion." *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008)(citing cases). *See also C.H. Robinson Worldwide, Inc. v. Lobrano*, Nos. 11-2777, 11-2893, 2012 WL 4511618, *3 (8th Cir. Oct. 3, 2012); *SBT Holdings, LLC v. Town of Westminster*, 547 F.3d 28, 36 (1st Cir. 2008). Such is the case here. Sledge's complaint cited his prior state-court action regarding his employment dispute, and Bellwood attached to its motion to dismiss a copy of Sledge's prior state-court complaint and the dismissal order—documents of which the district court was entitled to take judicial notice. *See Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986), *Opoka v. I.N.S*, 94 F.3d 392, 395 (7th Cir. 1996); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

Sledge also challenges the grant of summary judgment on his Title VII discrimination claim and asserts that a white man, not a black man, was hired for the coordinator position. Although Sledge must show that he was treated less favorably than a non-black applicant to establish a prima facie case of discrimination under the indirect method, s*ee Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 394 (7th Cir. 2010), he failed to respond to Bellwood's statement of facts at summary judgment. The district court here acted within its discretion to strictly apply Local Rule 56.1(b) and admit the undisputed facts that Bellwood set forth. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). We note too that the court explicitly reminded Sledge to file his Local Rule 56.1(b) response and even encouraged him to consult the court's pro se help desk to help him prepare it.

We have considered the defendant's other arguments, and they do not merit discussion. Accordingly, the judgment of the district court is **AFFIRMED**.